**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:20-cv-21141-UU

YADIRA VALCARCEL,

    Plaintiff,

v.

PARKING MANAGEMENT SERVICES
OF MIAMI, INC., *et al.*,

    Defendants.

_____/

**ORDER**

THIS CAUSE comes before the Court upon Defendant Parking Management Services of Miami, Inc.'s ("PMSM's") Motion to Dismiss Complaint (D.E. 9) (the "Motion"). The Court has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises.

In her Complaint (D.E. 1-1) (the "Complaint"), Plaintiff Yadira Valcarcel ("Plaintiff") brings four counts for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), based on the alleged failure by PMSM and its agent Thomas R. Gigliotti, Jr. to pay Plaintiff minimum wage and overtime [Counts I–V], and  as well as one count against PMSM under "Florida common law" for alleged unpaid wages [Count V].  On March 18, 2020, the Court entered its Order and Referral in Actions Brought Under the Fair Labor Standards Act (D.E. 7) (the "FLSA Order"), which—among other requirements—requires Plaintiff to file by **May 1, 2020** a "'Statement of Claim' (and if the Complaint does not contain the [required] information, an amended complaint that conforms to these requirements)" setting forth an initial estimate of the

1

total amount of alleged unpaid wages, a preliminary calculation of such wages, the approximate period during which the FLSA violations occurred, and the nature of the wages (e.g., overtime or straight time).

In the instant Motion, PMSM first seeks dismissal of the FLSA claims or, alternatively, a more definite statement, because the Complaint in its current form lacks the information required by the FLSA Order. D.E. 9 at 3–4. In response, Plaintiff argues that dismissal is not warranted because the FLSA Order gives her until May 1, 2020, to file her Statement of Claim. D.E. 11 at 3–4. The Court agrees that dismissal is not warranted at this time and that a more definite statement will be provided by the Statement of Claim. However, Plaintiff is cautioned that she may not file the Statement of Claim alone—the FLSA Order expressly requires her to file "an amended complaint that conforms to these requirements" by May 1, 2020. If Plaintiff fails to comply with the FLSA Order in any respect, the denial of PMSM's motion to dismiss now shall not prejudice PMSM from bringing a further motion based on any non-compliance.

The second and final argument in PMSM's motion is that Count V of the Complaint—purportedly under "Florida common law"—appears to actually be a claim Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110. D.E. 9 at 4–5. The FMWA contains a pre-suit notice requirement; PMSM argues that because Plaintiff failed to send the requisite pre-suit notice, Count V should be dismissed. *See id.* In response, Plaintiff doubles down on her framing of Count V as a claim under "Florida common law" and <u>not</u> under the FMWA. D.E. 11 at 4. But Plaintiff's argument does not serve her: it is well-established that the FLSA preempts all common law claims for unpaid wages. *See, e.g.*, *Volcy v. Rose Mgmt. Props., Inc.*, No. 14-61418-CIV-ALTONAGA/O'Sullivan, 2014 WL 12861852, at *1–3 (S.D. Fla. Aug. 12, 2014) (collecting cases). Count V is due to be dismissed.

ORDERED AND ADJUDGED that the Motion, D.E. 9, is GRANTED IN PART AND DENIED IN PART as set forth above. Plaintiff must file her amended complaint by May 1, 2020, as set forth in the FLSA Order, failing which PMSM may file a further motion to dismiss based on any non-compliance. Count V of the Complaint (D.E. 1-1) is DISMISSED. PMSM must file its answer to the remaining portions of the Complaint as pled within fourteen (14) days of the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this _8th__ day of April, 2020.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

cc:
counsel of record via CM/ECF